636 A.2d 224

COMMONWEALTH Of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Sandra D. GELORMINO, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 24, 1992.

Decided June 15, 1993.

Publication Ordered Jan. 6, 1994.

Marc A. Werlinsky, Timothy P. Wile and David R. White for appellant.

Thomas Ramsay, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the order of the Court of Common Pleas of Montgomery County (trial court) sustaining the appeal of Sandra D. Gelormino (Gelormino) from DOT's one year suspension of her operating privilege.

On August 19, 1987, DOT mailed official notice to Gelormino informing her that her operating privilege would be suspended for one year pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa.C.S. § 1547.[1] On December 7, 1987, Gelormino

---

1. 75 Pa.C.S. § 1547 provides in part:

    (a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determin-

filed a petition for appeal *nunc pro tunc* with the trial court from DOT's suspension. The trial court, following oral argument, entered an order on August 3, 1989 granting Gelormino leave to appeal *nunc pro tunc*.[2] A hearing *de novo* was then held before the trial court[3] on August 6, 1990. At the start of the hearing, DOT made an oral motion to quash Gelormino's appeal as untimely, alleging that it was filed beyond the statutory 30 day time period.[4] The court denied DOT's motion and proceeded to receive testimony on the merits of the license suspension. The trial court then entered an order, on December 19, 1991, sustaining Gelormino's appeal.

DOT now argues on appeal to this Court that it was error for the trial court to grant Gelormino's petition to appeal *nunc pro tunc* the suspension of her operating privilege. DOT asserts that there is no evidence in the record to support the trial court's grant of Gelormino's petition. We agree.[5]

■ Initially we note that, the trial court, by allowing an appeal *nunc pro tunc* extends the time in which an appeal may

ing the alcohol content of blood ... if the officer has reasonable grounds to believe the person to have been driving ...

    (1) while under the influence of alcohol ...

  (b) Suspension for refusal.—

    (1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2. This order was entered by the Honorable Joseph A. Smyth. The order itself does not appear in the record and there is no transcript of the oral argument held on the matter.

3. This hearing was held before the Honorable Maurino J. Rossanese, Jr.

4. A licensee must appeal from a suspension or a revocation within 30 days of the date of the mailing of the notice as required by 42 Pa.C.S. § 5571(b). *See Korell v. Department of Transportation, Bureau of Driver Licensing*, 122 Pa.Commonwealth Ct. 96, 551 A.2d 398 (1988), *appeal denied*, 525 Pa. 606, 575 A.2d 571 (1990).

5. DOT also asserts on appeal that the trial court's finding that Gelormino's refusal was not knowing and conscious was not supported by substantial evidence. However, we need not address this argument going to the merits of the suspension as we determine that the trial court lacked jurisdiction to entertain the appeal.

be filed, thereby extending itself jurisdiction it would not otherwise have. *Department of Transportation, Bureau of Driver Licensing v. Kruc,* 125 Pa.Commonwealth Ct. 201, 557 A.2d 443 (1989). It has long been the rule that questions of subject matter jurisdiction may be raised at any time, even on appeal, by the parties or by the court *sua sponte. Id.*

Our scope of review, where, as here, the trial court permits an untimely appeal to be filed *nunc pro tunc,* is limited to determining whether the trial court abused its discretion or committed an error of law. *Korell v. Department of Transportation, Bureau of Driver Licensing,* 122 Pa.Commonwealth Ct. 96, 551 A.2d 398 (1988), *appeal denied,* 525 Pa. 606, 575 A.2d 571 (1990). In order for an appeal *nunc pro tunc* to be permitted, there must be fraud or a breakdown in the court's operations. *Department of Transportation, Bureau of Traffic Safety v. Rick,* 75 Pa.Commonwealth Ct. 514, 462 A.2d 902 (1983).

Gelormino's petition for appeal *nunc pro tunc* set forth the following averments:

5. That an Appeal from the suspension of Defendant's driver's license was not timely filed for the following reasons:

A. The receipt by Defendant of the letter containing notice of the License Suspension was delayed because of Defendant's change of address. A true and correct copy of the envelope from the Department of Transportation reflecting the forwarding of this mail to Defendant's present address is attached hereto, marked Exhibit "B" and made a part hereof.

B. Counsel for the Defendant was suddenly called to jury trial in Chester County, Pennsylvania, the week of September 7, 1987 and further was attached for trial in Florida on a complex commercial matter beginning September 14, 1987. Counsel went to Florida on September 11, 1987 to prepare for the said trial and the matter was tried in Broward County, Florida from September 14 through September 28, 1987.

C. Counsel left the aforesaid notice of license suspension with office personnel for preparation of a Petition for Appeal, but due to the sudden departure of one secretary and an additional secretary recuperating from pregnancy complications, the personnel did not file the Petition within the 30–day period allowed for appeal.

(R.R. 24–25a.)

We note that under 75 Pa.C.S. § 1540(b) [6], DOT need only notify a person of a license suspension or revocation of their operating privilege at the *address of record.* Here, it is clear that DOT mailed the August 19, 1987 official notice to Gelormino's "address of record." [7]

As previously stated, in order for an appeal *nunc pro tunc* to be permitted, Gelormino needed to demonstrate the existence of fraud or a breakdown in the court's operation. *See Rick,* 75 Pa.Commonwealth Ct. 514, 462 A.2d 902 (1983). Here, both Gelormino's averment concerning her address change and the other allegations in her petition fail to establish either of these requirements.

Accordingly, the trial court erred in permitting Gelormino to appeal her license suspension *nunc pro tunc.*

**6.** 75 Pa.C.S. § 1540(b) provides as follows:

> Upon the suspension or revocation of the operating privilege or the disqualification of the commercial operating privilege of any person by the department, the department shall forthwith notify the person in writing at the address of record to surrender his driver's license to the department for the term of suspension, revocation or disqualification....

**7.** It is important to note that Gelormino did not assert in her petition to appeal *nunc pro tunc* that DOT mailed notification to an address other than the address of record. She merely asserted that a delay was caused because the notice had to be forwarded to her new address. However, 75 Pa.C.S. § 1515, places an affirmative duty on a licensee to promptly notify the Department of a change of address. This section provides in relevant part:

> Whenever any person applying for or receiving a driver's license moves from the address named in the application or in the driver's license issued ... such person shall ... notify the department in writing of the old and new address....

There is no evidence in the record that Gelormino notified DOT of her change of address.

## ORDER

AND NOW, this 15th day of June, 1993, the order of the Court of Common Pleas of Montgomery County dated December 19, 1991 is vacated and the matter is remanded to the trial court with directions to quash the appeal of Sandra D. Gelormino.

Jurisdiction relinquished.

FRIEDMAN, J., concurs in the result only.