## PennDOT v. Tyler

C.P. of Montgomery County, no. 93-23914.

*Susan Shenkin,* for PennDOT.
*Arthur Gutkin,* for defendant.

ROSSANESE, *J.,* May 2, 1995—

### FACTS/PROCEDURAL HISTORY

On October 26, 1990, respondent Walter R. Tyler was arrested in Pennsylvania for driving under the influence of alcohol and/or a controlled substance in violation of section 3731 of the Pennsylvania Vehicle Code. At the time, Mr. Tyler lived in Delaware and had a Delaware license.

In August of 1993, Mr. Tyler relocated to Pennsylvania and applied for a Pennsylvania driver's permit. PennDOT processed the application, and determined that Mr. Tyler had an outstanding, unserved Delaware suspension. The suspension was based on a refusal to submit to chemical testing in Pennsylvania on October 26, 1990.

On September 16, 1993, Mr. Tyler received notice from PennDOT stating that as a result of his violation of section 1547 of the Vehicle Code, chemical test refusal, on October 26, 1990, his Pennsylvania driving privilege was being suspended for a period of one year. The notice was entitled additional notice, and was mailed to Mr. Tyler at 820 West 2nd Street, Lansdale, Pennsylvania 19446.

On November 26, 1993, Mr. Tyler filed a petition for appeal nunc pro tunc from the PennDOT additional notice of September 16, 1993. On April 11, 1994, we held hearing on the matter and Mr. Tyler motioned to withdraw his nunc pro tunc petition as it related to the additional notice of September 16, 1993. Instead, he motioned to proceed with a nunc pro tunc petition on the original notice of suspension dated December

26, 1990. The original notice was allegedly never received.

We granted Mr. Tyler's petition nunc pro tunc as it related to the December 26, 1990 notice, and allowed him 30 days to file the appeal. On April 20, 1994, Mr. Tyler timely filed his appeal.

On May 16, 1994, we sustained Mr. Tyler's appeal and directed PennDOT to rescind the suspension of Mr. Tyler's Pennsylvania operating privileges.

On June 16, 1994, PennDOT appealed our May 16, 1994 order.

## DISCUSSION

"The decision whether to permit an appeal nunc pro tunc is an equitable matter and [an appellate court's] scope of review is limited to a determination of whether the trial court has abused its discretion or committed an error of law." *PennDOT, Bureau of Traffic Safety v. Rick,* 75 Pa. Commw. 514, 516, 462 A.2d 902, 903 (1983). See also, *PennDOT, Bureau of Driver Licensing v. Gelormino,* 160 Pa. Commw. 12, 636 A.2d 224 (1993).

"With respect to untimely appeals such as the present case, [the Commonwealth] Court has consistently reaffirmed that statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence." *Paul v. PennDOT,* 651 A.2d 711, 712 (Pa. Commw. 1994), citing *Olson v. Borough of Homestead,* 66 Pa. Commw. 120, 127, 443 A.2d 875, 878 (1982). However, "[a]n appeal nunc pro tunc may be permitted upon showing that the delay in filing the appeal resulted from extraordinary circumstances involving fraud or a breakdown in the court's operations which caused injury to the appealing party." *PennDOT v. Johnson,* 434 Pa. Super. 1, 6, 641 A.2d 1170, 1172 (1994), citing

*PennDOT v. Emery,* 135 Pa. Commw. 274, 279, 580 A.2d 909, 912 (1990). As explained *infra,* we determined that an appeal nunc pro tunc was warranted given the fact that there was a breakdown in the court's operation when appellee failed to receive the original notice from PennDOT that his license was suspended.

The Vehicle Code requires that notice of suspension be sent to the driver's address of record. 75 Pa.C.S. §1540(b). According to section 1540(b) of the Code,

"Upon the suspension or revocation of the operating privilege or the disqualification of the commercial operating privilege of any person by the department, *the department shall forthwith notify the person in writing at the address of record* to surrender his driver's license to the department for the term of suspension, revocation or disqualification. ..." (emphasis added)

In *PennDOT v. Johnson,* 434 Pa. Super. 1, 9, 641 A.2d 1170, 1174, the Superior Court reiterated the importance of the notice requirement under 75 Pa.C.S. §1540(b).

In the *Johnson* case, the trial court found that there was a breakdown in the court operations when PennDOT mailed notice of license suspension to Johnson's old mailing address as indicated on PennDOT's records rather than to his new address as indicated on the court's certification of convictions. The Superior Court held that there was no breakdown in court operations because PennDOT did what was required and mailed the notice to Johnson's address of record. The fact that Johnson failed to contact the court with his new address could not be attributed to PennDOT, and consequently, the trial court's grant of the nunc pro tunc appeal was reversed.

In *Commonwealth v. Kane,* 460 Pa. 582, 584, 333 A.2d 925, 926 (1975), the driver was convicted in a

nonjury trial of operating a motor vehicle while his operator's license was suspended. His sentence of two months to three years imprisonment was affirmed on appeal to the Superior Court. However, his petition for allowance of appeal was granted by the Supreme Court when he argued that he never received notice of the suspension of his operator's license.

During the criminal trial, PennDOT presented evidence that they mailed a notice of suspension to Kane on April 9, 1969. They presented no other proof that Kane received actual notice of the suspension. *Kane, supra* at 584, 333 A.2d at 926.

The Supreme Court reversed the judgment, of sentence finding that there was not sufficient proof of the notice of suspension. The court explained, "There is no evidence of any certified or registered mail receipt from PennDOT indicating that Kane had received notice, nor was there any evidence that Kane's operator's license was returned to the bureau between April 9, 1969, the date of the mailing of the notice of suspension which contains instruction that the license be returned, and December 8, 1970, when the official records were certified." *Id.*

The *Kane* and *Johnson* cases apply to the case at bar. PennDOT claims that in December of 1990, they mailed original notice to the appellant's address of record, namely, 2313 Jessup Street, Wilmington, Delaware 19802 as indicated on appellant's chemical refusal form. (Notes of Testimony, 4/11/94 p. 9.) However, PennDOT provided no other evidence to support the fact that appellant received actual notice at that address. PennDOT did not provide us with any certified or registered mail receipt indicating that the appellant received notice. Nor did PennDOT document any responsive communication from appellant after the alleged mailing

of the original notice of suspension. Accordingly, under the *Kane* case, PennDOT failed to provide us with sufficient evidence to prove proper notice under 75 Pa.C.S. §1540(b).

The evidence presented at trial also demonstrated that the appellant lived at the Jessup Street address for two years after the violation, returning there every night after work. (Notes of Testimony, 4/11/94 p. 11.) Further, the Jessup address was the address of record and was available to PennDOT since the night of appellant's arrest. (Notes of Testimony, 4/11/94 p. 9.) Thus, we concluded that this was not a *Johnson* situation where there was confusion over appellant's address or where appellant was difficult to locate. PennDOT clearly had appellant's address of record. (Notes of Testimony, 4/11/94 p. 9.) Finally, it is important to note that PennDOT did not mail the additional notice of suspension until appellant applied for a Pennsylvania permit almost three full years after he was arrested. (Notes of Testimony, 4/11/94 p. 11.) This fact leads us to conclude that, but for the fact that appellant applied for the Pennsylvania permit, PennDOT would have never mailed any additional notice to the appellant.

For the foregoing reasons, our order dated May 16, 1994, should be affirmed.