Frances C. HINDS

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 10, 1999.

Decided Nov. 18, 1999.

Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

No appearance entered for appellee.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

The Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from the order of the Court of Common Pleas of Allegheny County that sustained the statutory appeal of Frances C. Hinds (Hinds) from a three-month suspension of the registration of her Dodge sedan, which DOT imposed pursuant to Section 1786(d) of the Vehicle Code (Code), 75 Pa.C.S. § 1786(d).[1] DOT contends that the statutory appeals court lacked jurisdiction over Hinds' appeal because she did not satisfy the elements of an appeal *nunc pro tunc,* and DOT asserts also that the court committed reversible error by allowing Hinds to collaterally attack the cancellation of her insurance in a statutory appeal.

On June 29, 1998, the Hartford Insurance Company canceled Hinds' insurance policy as a result of Hinds' failure to pay her premiums. Consequently, pursuant to Section 1786(d) of the Code, DOT sent notice to Hinds on September 23, 1998 informing her that the registration of her Dodge sedan was being suspended for three months. The notice also informed Hinds that she had 30 days in which to file an appeal. However, Hinds filed an appeal with the Court of Common Pleas of Allegheny County 13 days late, on November 5, 1998. A hearing on Hinds' petition to file an appeal *nunc pro tunc* was held the same day, at which Hinds was not represented by counsel. Hinds testified that she did not receive notice of cancella-tion of her insurance policy until the end of July or the beginning of August 1998. She stated further that after receiving the notice of registration suspension, she sent DOT her original documents relating to the cancellation of her insurance and the new insurance that she purchased. She contacted DOT by telephone and was told that DOT had not received the information; in a later conversation she was told that she needed to appeal in order to preserve her rights. N.T. at pp. 4—5. The trial court granted Hinds' petition to appeal *nunc pro tunc.*

■ A *de novo* hearing was held on January 28, 1999, where Hinds again was not represented by counsel. DOT introduced certified documents showing the lapse in insurance coverage on her vehicle. Hinds repeated her description of the events leading to the registration suspension and stated that she had never had problems such as this before. *Id.* at p. 12. The trial court sustained Hinds' appeal. In an opinion of May 11, 1999 in support of its order, the trial court stated that it credited Hinds' testimony in its entirety and concluded that she reasonably believed that she had properly tended to her financial responsibility after learning of the lapse.[2]

■ DOT first contends that the trial court erred in allowing Hinds to proceed with an appeal *nunc pro tunc.* By allowing an appeal *nunc pro tunc,* the trial court essentially extends the time in which an appeal may be filed, thus extending its jurisdiction. *Department of Transportation, Bureau of Driver Licensing v. Gelormino,* 160 Pa.Cmwlth. 12, 636 A.2d 224 (1993). In order to proceed with an appeal *nunc pro tunc,* the appellant must prove

---

1. Section 1786(a) provides: "Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility." Section 1786(d) provides in part: "The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter...."

2. The Court has precluded Hinds from filing a brief in this matter by order of September 2, 1999. The Court's review of this case is limited to determining whether the necessary findings of the court are supported by competent evidence of record and whether the court committed reversible error of law or abused its discretion. *Pelter v. Department of Transportation, Bureau of Driver Licensing,* 663 A.2d 844 (Pa.Cmwlth.1995).

that the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process or non-negligent circumstances related to the appellant or counsel or a third party. *J.C. v. Department of Public Welfare,* 720 A.2d 193 (Pa. Cmwlth.1998). DOT notes that Hinds received a letter from the Bureau on September 23, 1998 suspending her registration, which included instructions on how, where and when to file an appeal.

■ The Court agrees that Hinds has not met the elements of an appeal *nunc pro tunc.* The Court understands the difficulty facing a pro se appellant in a case such as the one before the Court here, but Hinds must understand that she assumed the risk that her lack of legal knowledge might prove to be her undoing. *Groch v. Unemployment Compensation Board of Review,* 81 Pa.Cmwlth. 26, 472 A.2d 286 (1984). In this case Hinds showed only that she was unaware of the proper appellate procedure, but she offered no evidence tending to show fraud or an administrative breakdown. Obviously, this is not enough to permit an appeal *nunc pro tunc,* and the trial court erred in allowing Hinds to proceed. Because the trial court lacked subject matter jurisdiction to consider Hinds' untimely appeal, the order of the trial court must be vacated. In view of this determination, the Court need not address DOT's contention that the trial court erred in permitting Hinds to collaterally attack the cancellation of her insurance policy in this statutory appeal from a suspension of a vehicle's registration. Accordingly, the Court vacates the order of the Court of Common Pleas of Allegheny County.

## *O R D E R*

AND NOW, this 17th day of November, 1999 the order of the Court of Common Pleas of Allegheny County is vacated.