IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dawn N. Jones             :
                                   : No. 1361 C.D. 2016
             v.           : Submitted: January 20, 2017
                                   :

Commonwealth of Pennsylvania, :
Department of Transportation,   :
Bureau of Driver Licensing,     :
                                   :
            Appellant   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED: April 11, 2017

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals the order of the Allegheny County Court of Common Pleas (trial court) sustaining the statutory appeal of Dawn N. Jones (Licensee) from a 12-month suspension of her operating privileges imposed by DOT pursuant to Section 1547(b)(1)(i) of the Vehicle Code.[1] We vacate and remand.

On November 25, 2015, DOT sent a notice to Licensee informing her that her operating privileges would be suspended for 12 months, effective December 30, 2015, as the result of her failure to submit to chemical testing on

---

[1] 75 Pa. C.S. §1547(b)(1)(i). This section authorizes DOT to suspend the driving privileges of a licensee for 12 months as a consequence of her refusal to submit to chemical testing in connection with her arrest for violating Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802 (relating to driving under the influence of alcohol or controlled substances (DUI)).

November 8, 2015, and advising her that she had thirty days to file an appeal. Reproduced Record (R.R.) at 25a-27a. The notice was sent to Licensee's last known address of record. On May 11, 2016, Licensee filed a Petition to File Appeal *Nunc Pro Tunc* with the trial court, challenging the suspension of her operating privileges, and a hearing was held before the trial court on the timeliness of her appeal on May 19, 2016. *Id.* at 18a-19a.

DOT introduced the following evidence: (1) a certification page; (2) a copy of the notice of suspension sent to Licensee's last known address with a "mail date" of November 25, 2015; (3) a copy of the DL-26 Form (refusal form); and (4) a copy of Licensee's certified driving history. R.R. at 18a, 24a-37a. Licensee testified that she did not receive the November 25, 2015 notice; however, she acknowledged that she lives at the address to which DOT sent the notice. *Id.* at 18a-19a. On May 19, 2016, the trial court issued an order granting Licensee's *nunc pro tunc* appeal. *Id.* at 9a.

On July 7, 2016, the trial court held a hearing on the merits of Licensee's appeal of the suspension of her operating privileges pursuant to Section 1547(b)(1)(i) of the Vehicle Code. The trial court sustained Licensee's appeal because the Commonwealth was unable to proceed due to the absence of the arresting officer. R.R. at 22a, 53a. The Commonwealth then filed this appeal, arguing that the trial court erred in permitting Licensee to appeal the suspension *nunc pro tunc*.[2, 3] We agree.

---

[2] Our review in a license suspension case is limited to determining whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or abused its discretion. *Gammer v. Department of Transportation, Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010). Likewise, our review where a trial court permits an untimely appeal from a DOT decision to be filed *nunc pro tunc* is limited to determining whether the trial court abused its discretion or committed an error of law. **(Footnote continued on next page…)**

2

As this Court has explained:

> Pursuant to Sections 5571(b) and 5572 of the Judicial Code, a motorist has 30 days from the mailing date of [DOT]'s notice of suspension to file an appeal with the trial court. 42 Pa. C.S. §§5571(b), 5572;[4] *Dep't of Transp., Bureau of Driver Licensing v. Matlack*, [600 A.2d 998, 999 (Pa. Cmwlth. 1991)] (appeal must be filed within 30 days of mailing date of suspension notice). "Appeals filed beyond the 30-day appeal period are untimely and deprive the common pleas court of subject matter jurisdiction over such appeals." *Dep't of Transp., Bureau of Driver Licensing v. Maddesi*, [588 A.2d 580, 582 (Pa. Cmwlth. 1991)].

> Further, statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. *Stanton v. Dep't of Transp., Bureau of Driver Licensing*, [623 A.2d 925, 926 (Pa. Cmwlth. 1993)]. By allowing a licensee to file a late appeal, the trial court extends the time in which an appeal may be filed, thereby extending itself jurisdiction it would not otherwise have. *Id.* Such an extension is appropriate only when the licensee proves that either fraud or an administrative breakdown caused the delay in filing the

---

**(continued…)**

*Department of Transportation, Bureau of Driver Licensing v. Gelormino*, 636 A.2d 224, 226 (Pa. Cmwlth. 1993).

[3] By order dated January 13, 2017, we precluded Licensee from filing an appellate brief or participating in oral argument based on her failure to comply with our December 5, 2016 order directing her to file a brief within 14 days.

[4] Section 5571(b) states, in relevant part, that "an appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa. C.S. §5571(b). In turn, Section 5572 states, in pertinent part, that "[t]he date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for purposes of this subchapter." 42 Pa. C.S. §5572.

appeal. *Hess v. Dep't of Transp., Bureau of Driver Licensing*, 821 A.2d 663, 665 (Pa. Cmwlth. 2003)[, *rev'd in part on other grounds*, 921 A.2d 1181 (Pa. 2007)].

*Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003). Moreover, "[i]t has long been the rule that questions of subject matter jurisdiction may be raised at any time, even on appeal, by the parties or by the court *sua sponte*." *Department of Transportation, Bureau of Driver Licensing v. Gelormino*, 636 A.2d 224, 226 (Pa. Cmwlth. 1993).

Finally, the "mailbox rule" is applicable to Section 1547 license suspensions, and, under this rule, proof of mailing the license suspension notice raises a rebuttable presumption that the mailed item was received by the licensee. *Ercolani v. Commonwealth*, 922 A.2d 1034, 1037 (Pa. Cmwlth.), *appeal denied*, 932 A.2d 77 (Pa. 2007); *Department of Transportation, Bureau of Driver Licensing v. Grasse*, 606 A.2d 544, 545 (Pa. Cmwlth. 1991). A licensee's testimony of non-receipt, standing alone, is not sufficient to rebut this presumption. *Ercolani*, 922 A.2d at 1037; *Grasse*, 606 A.2d at 545. DOT's certification of a driving record showing that notice was given is competent to establish that notice was sent and DOT is not required to show that the licensee actually received the notice. *Grasse*, 606 A.2d at 546.

Here, DOT offered into evidence Licensee's certified driving record, as well as the November 25, 2015 notice, indicating that the notice was mailed to Licensee at her correct address. This raises the presumption that Licensee received the notice, and, although denied by Licensee, this denial alone does not nullify the presumption. *Ercolani*; *Grasse*.

Because Licensee filed her appeal well outside the thirty days following her presumed receipt of the suspension notice, her appeal could not be considered unless she established entitlement to an appeal *nunc pro tunc*. To

4

obtain such relief, she was required to prove that her failure to file a timely appeal resulted from extraordinary circumstances involving fraud, a breakdown in the administrative or judicial process or non-negligent circumstances related to her or her counsel. *Baum v. Department of Transportation, Bureau of Driver Licensing*, 949 A.2d 345, 348-49 (Pa. Cmwlth. 2008).

Licensee asserted no fraud or breakdown within the administrative or judicial process, and she provided no evidence that non-negligent circumstances related to either herself or her counsel caused the untimeliness of her appeal. Therefore, Licensee failed to satisfy her burden of proving her entitlement to a *nunc pro tunc* appeal of her November 25, 2015 license suspension and the trial court was without jurisdiction to consider her untimely appeal. Because the trial court lacked subject matter jurisdiction to consider Licensee's untimely appeal, its order sustaining the appeal must be vacated and the matter remanded for the trial court to quash the appeal. *Hudson*, 830 A.2d at 600; *Gelormino*, 636 A.2d at 227.

Accordingly, the trial court's order is vacated and the matter is remanded to the trial court to quash Licensee's untimely appeal.


_____

MICHAEL H. WOJCIK, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dawn N. Jones                          :
                                       : No. 1361 C.D. 2016
                    v.                 :
                                       :
Commonwealth of Pennsylvania,          :
Department of Transportation,          :
Bureau of Driver Licensing,            :
                                       :
                    Appellant          :


O R D E R


AND NOW, this 11th day of April, 2017, the order of the Allegheny County Court of Common Pleas dated July 7, 2016, at No. SA-16-000382 is VACATED and the matter is REMANDED to the trial court with directions to QUASH the appeal of Dawn N. Jones.

Jurisdiction is RELINQUISHED.


_____
MICHAEL H. WOJCIK, Judge