Victor Gurvich,                    :
          Appellant      :
                        :
      v.                  :
                        :
Board of Property Assessment Appeals  :
and Review of Allegheny County,     :  No. 717 C.D. 2022
Pennsylvania                    :  Submitted:  April 6, 2023

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED:  August 3, 2023

Victor Gurvich (Gurvich), *pro se*, appeals from an order of the Court of Common Pleas of Allegheny County (trial court) that rejected Gurvich's challenges to the tax reassessment of his real property. Gurvich asserts that the decision of the Board of Property Assessment Appeals and Review of Allegheny County (Board) increasing the assessed value of his property following his 2019 purchase of the property, without also increasing the assessments of his neighbors' properties, violated the Equal Protection Clause of the Fourteenth Amendment[1] of

---

[1] Section 1 of the Fourteenth Amendment provides:

> Sec[tion] 1. [Citizens of the United States.]  All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein

the United States Constitution and the Uniformity Clause of the Pennsylvania Constitution[2] and discriminated against him based on his Russian national origin in violation of the Pennsylvania Human Relations Act.[3] Upon review, we affirm the trial court's order.

## I. Background

In 2019, Gurvich purchased real property in Shaler Township, Allegheny County (County), for $245,000.00. Original Record (O.R.), Item #11 at 1. In the County's 2013 countywide reassessment, using 2012 as the base year[4] for valuations, the property had been assessed at $164,300.00. *Id.* The Shaler Area School District (School District) appealed that assessment after Gurvich purchased the property. Following a hearing, the Board assigned a new assessed value of

---

they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. 14, § 1.

[2] Article VIII, section 1 of the Pennsylvania Constitution, entitled "Uniformity of taxation," provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pa. Const. art. VIII, § 1.

[3] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951-963.

[4] Section 8802 of the Consolidated County Assessment Law (Assessment Law), 53 Pa.C.S. §§ 8801-8868, defines "base year" as "[t]he year upon which real property market values are based for the most recent countywide revision of assessment of real property or other prior year upon which the market value of all real property of the county is based for assessment purposes." 53 Pa.C.S. § 8802.

$211,200.00, calculated by applying the County's then-current common level ratio (CLR)[5] of 86.2% to Gurvich's purchase price. *Id.*; O.R., Item #8 at 3.

Gurvich challenged the reassessment before the Board, which transferred the matter to the trial court. O.R., Item #11 at 1-2. Gurvich argued that his property's reassessment was not uniform with those of surrounding properties because those properties were still assessed at their 2012 base year values while Gurvich's property alone had been subjected to reassessment.[6] *Id.* at 2. Gurvich also argued that the reassessment discriminated against him because he was born in Russia. *Id.*

After a hearing, the trial court issued a memorandum and order on March 15, 2022. O.R., Items #11 & #12. The trial court rejected Gurvich's uniformity challenge, finding that applying the CLR to the sale price was "the most fair method of reassessing the property . . . ." *Id.*, Item #11 at 4. The trial court also rejected Gurvich's discrimination claim, finding that such a claim was better left to the Pennsylvania Human Relations Commission (PHRC)[7] and that, in any event, Gurvich failed to show any discrimination. *Id.* at 2-4.

---

[5] The CLR is "[t]he ratio of assessed value to current market value used generally in the county and published by the State Tax Equalization Board on or before July 1 of the year prior to the tax year on appeal . . . ." *In re Appeal of Springfield Sch. Dist.*, 101 A.3d 835, 838 n.2 (Pa. Cmwlth. 2014), *overruled in part on other grounds by Valley Forge Towers Apartments N, LP v. Upper Merion Area Sch. Dist.*, 163 A.3d 962, 975 (Pa. 2017).

[6] At the outset of its memorandum opinion of March 15, 2022, the trial court described Gurvich's argument as a challenge to the constitutionality of the county's "system of real property assessment . . . ." Original Record (O.R.), Item #1 at 1. Gurvich insists this characterization constitutes reversible error because he is not challenging the entire system of property assessment, but merely the reassessment of his property. However, as discussed below, the trial court's initial description was, at most, harmless error.

[7] Gurvich did file a discrimination complaint with the Pennsylvania Human Relations Commission, but that agency dismissed the complaint. The agency's case closure form indicated

3

Gurvich appealed the trial court's decision to this Court. The School District moved to quash the appeal, asserting that the trial court's order was interlocutory because the trial court had not made a final determination of the correct reassessed value. By order dated June 1, 2022, this Court remanded the matter to the trial court for further proceedings. *Gurvich v. Gd. Of Prop Assessment Appeals & Rev. of Allegheny Cnty.* (Pa. Cmwlth., No. 323 C.D. 2022, filed June 3, 2022) (*per curiam*). The trial court held another hearing, after which it issued an order dated June 30, 2022, setting the assessed value of Gurvich's property at $211,000.00 for 2020, $236,250.00 for 2021, and $251,410 for 2022. O.R., Item #20. This appeal by Gurvich followed.[8]

## II. Issues

On appeal,[9] Gurvich raises several interrelated issues for review, which we reorder, consolidate, and summarize as follows. Gurvich asserts that the Board's reassessment improperly failed to use the 2012 base year assessment for his property and that, as a result, the reassessed value of his property is not uniform with the assessments of his neighbors, in violation of state and federal constitutions. He also maintains that the trial court mischaracterized his reassessment argument as a challenge to the County's entire reassessment system and thereby failed to consider

---

the case was untimely, the agency lacked jurisdiction, or the complaint was frivolous on its face. O.R., Item #21 at 30.

[8] Gurvich's appeal of the final order also included the previous interlocutory order. *Sunoco Partners Mktg. & Terminals, L.P. v. Clean Air Council*, 219 A.3d 280, 295 (Pa. Cmwlth. 2019) (explaining that "an appeal of a final order subsumes challenges to previous interlocutory decisions") (quoting *Betz v. Pneumo Abex, LLC*, 44 A.3d 27, 54 (Pa. 2012) (additional quotation marks omitted)).

[9] Our review of a trial court's decision in an assessment appeal is limited to determining whether the trial court committed an error of law or reached a decision not supported by substantial evidence. *Jackson v. Bd. of Assessment Appeals of Cumberland Cnty.*, 950 A.2d 1081, 1085 n.4 (Pa. Cmwlth. 2008).

his actual uniformity challenge. In addition, Gurvich reiterates his assertion that the reassessment of his property constituted discrimination based on his national origin.

### III. Discussion

At the outset, we observe that Gurvich has not organized the argument section of his brief to correspond to his statement of the questions involved as required by Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2119(a). As a result, this Court has had some difficulty determining which portions of the argument are intended to address which questions for review. In addition, Gurvich has not cited any legal authority in support of any of his arguments as contemplated by Rule 2119(a). Nonetheless, we address Gurvich's arguments to the extent that they are sufficiently developed to allow meaningful appellate review. *See Hillside Villas Condo. Ass'n v. Bottaro Dev. Co.*, 177 A.3d 456, 465 n.9 (Pa. Cmwlth. 2018) ("declin[ing] to find waiver of arguments that contain no legal citations but are otherwise sufficiently developed to allow meaningful appellate review").[10]

### A. Uniformity

Gurvich does not present any developed argument challenging either the specific assessed value assigned to his property or the accuracy of the CLR.

---

[10] However, this Court cannot develop Gurvich's arguments for him. *Skytop Meadow Cmty. Ass'n v. Paige*, 177 A.3d 377, 384 (Pa. Cmwlth. 2017). The trial court noted that it advised Gurvich "on more than several occasions" that he should retain an attorney, but he did not do so. O.R., Item #11 at 2 n.1. As we have repeatedly observed, "[w]hile this Court is sympathetic to the difficulty facing all *pro se* parties, it is axiomatic that a party seeking to represent himself assumes the risk that his lack of legal knowledge might prove to be his undoing." *Commonwealth v. Geatti*, 35 A.3d 798, 800 (Pa. Cmwlth. 2011) (citing *Hinds v. Pa. Dep't of Transp., Bureau of Motor Vehicles*, 740 A.2d 1217 (Pa. Cmwlth. 1999). Accordingly, to the extent that any arguments Gurvich may have intended to raise are not identified and addressed herein, such arguments are not sufficiently developed to allow meaningful appellate review and are waived. *See Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 553 (Pa. Cmwlth. 2018); *Hill v. Kilgallen*, 108 A.3d 934, 943 n.8 (Pa. Cmwlth. 2015).

Rather, the essence of Gurvich's uniformity argument appears to be simply that increasing the assessed value of his property without also increasing the assessments of surrounding properties was unconstitutional. Gurvich cites no legal authority in support of this assertion. The law is to the contrary.

Section 8855 of the Assessment Law grants a school district or other taxing body "the right to appeal *any assessment* within its jurisdiction in the same manner, subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment." 53 Pa.C.S. § 8855 (emphasis added). Section 8855 does not restrict the method by which a school district determines which assessments to appeal. *Bethlehem Area Sch. Dist. v. Bd. of Revenue Appeals of Northampton Cnty.*, 225 A.3d 212, 219 (Pa. Cmwlth. 2020).

Nonetheless, in selecting properties for assessment appeals, the school district's methodology must fit within constitutional boundaries. *Bethlehem*, 225 A.3d at 219. The Equal Protection Clause of the United States Constitution provides that no state or governmental entity may "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Pennsylvania Constitution's Uniformity Clause requires that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pa. Const. art. VIII, § 1.

It is well-settled law that the acts of a governmental entity are presumed constitutional. *GM Berkshire Hills LLC v. Berks Cnty. Bd. of Assessment*, 257 A.3d 822, 829 (Pa. Cmwlth. 2021), *aff'd by an equally divided Court*, 290 A.3d 238 (Pa. 2023)[11] (citing *Bethlehem Area*, 225 A.3d at 218). Accordingly, a taxpayer asserting

---

[11] Where our Supreme Court is equally divided, the effect of the split is to affirm the intermediate appellate court decision. *Borkey v. Twp. of Ctr.*, 847 A.2d 807, 814 (Pa. Cmwlth. 2004).

6

a constitutional uniformity challenge to a tax assessment bears the burden of proving that the taxing authority engaged in constitutionally prohibited conduct. *GM Berkshire*, 257 A.3d at 829 (citing *Bethlehem Area*, 225 A.3d at 218).

In *GM Berkshire*, this Court considered issues and arguments closely analogous to those asserted by Gurvich in this matter. The school district in *GM Berkshire* calculated that whenever the sale price of a property, reduced by the applicable CLR, resulted in a potential assessed value of at least $150,000.00 more than the current assessed value, an assessment appeal would be cost-effective. *Id.* at 825. The property at issue had recently been sold for millions of dollars more than its then-current assessed value. *Id.* Accordingly, the school district appealed the assessment. *Id.*

Like Gurvich here, the property owner in *GM Berkshire* argued that the school district's choice to appeal the assessments of recently sold properties based on their sales prices violated the Equal Protection Clause of the Fourteenth Amendment and the Pennsylvania Constitution's Uniformity Clause. *Id.* at 827. The property owner insisted that the school district could not selectively seek reassessment of properties based on their recent sales prices without also appealing the assessments of unsold properties that might be similarly underassessed. *Id.* The property owner argued that the school district's selective assessment appeals would tax new owners unfairly compared to owners of similar properties that had not recently been sold, and therefore would violate constitutional uniformity requirements. *Id.*

This Court rejected the property owner's arguments. We specifically explained that assessment appeals based on recent sales prices and use of a monetary threshold to determine the cost-effectiveness of appeals do not violate constitutional

7

principles of uniformity, provided the selection criteria are not based on distinctions in property type or classification, such as appeals limited to commercial properties. *GM Berkshire*, 257 A.3d at 830-31; *see also Valley Forge Towers Apartments N, LP v. Upper Merion Area Sch. Dist.*, 163 A.3d 962, 978 (Pa. 2017) (explaining that taxing bodies may not select properties for assessment appeals based solely on classifications such "as commercial, apartment complex, single-family residential, industrial, or the like").

The School District here, like that in *GM Berkshire*, selected properties for assessment appeals based on recent sale prices that, after adjustment by the CLR, would offer potential tax revenue increases sufficient to justify the costs of pursuing the appeals. The County's most recent countywide reassessment occurred in 2013 and used 2012 as the base year for valuations. At that time, the property Gurvich later purchased had an assessed value of $164,300.00. Gurvich bought his property for $245,000.00 in 2019. In that year, the CLR was 86.2%. Using the $245,000.00 sale price of the property as the then-current fair market value and applying the CLR of 86.2% yielded a potential assessed value (rounded to the nearest $100.00) of $211,200.00.[12] The School District's policy was to appeal the assessment of any recently sold property where the sale price adjusted by the CLR would result in an assessed value $20,000.00 or more higher than the 2012 assessed value. O.R., Item #8 at 6; Tr. of Proceedings, Feb. 15, 2022, at 39-40. Applying that formula, the potential increase in assessed value of Gurvich's property was approximately $46,700.00,[13] so the School District filed an assessment appeal. *Id.* at 53. The

---

[12] $245,000.00 x .862 = $211,190.00. The trial court, without explanation, apparently further rounded the assessed value to $200,000.00. *See* O.R., Item #20.

[13] $211,000.00 – $164,300.00 = $46,700.00.

8

School District appealed the assessments of a total of 392 properties for the 2019 tax year based on the same formula. *Id.* at 48; *see also* O.R., Item #11 at 3. Consistent with our analysis and holding in *GM Berkshire*, we likewise find no uniformity violation here.

Gurvich also insists that "the law of Allegheny County published in the County official web site . . . forbids a reassessment based solely on the sale of the property . . . ." Gurvich Br. at 21. This assertion is without merit. The web page cited by Gurvich sets forth the limited circumstances in which *the County* may unilaterally choose to reassess a property during the period between countywide reassessments. O.R., Item #8 at 23. However, a separate page on the County's website discusses tax assessment *appeals* and expressly states that "[t]he assessed value of a property may be appealed annually, by the owner, *school district* or municipality"[14] (emphasis added). Here, the School District properly exercised its legal right to file an assessment appeal regarding Gurvich's property.

Finally, Gurvich maintains that the trial court mischaracterized his reassessment argument as a challenge to the County's entire reassessment system, rather than simply a challenge to the reassessment of his specific property. Gurvich asserts that the trial court therefore failed to consider his actual uniformity challenge. We disagree. Although the trial court described Gurvich's constitutional claim as relating to the County's reassessment system, it nonetheless addressed the claims Gurvich raised alleging lack of uniformity. Any error in labeling Gurvich's claim was harmless.

---

[14] ALLEGHENY CNTY., ANNUAL APPEALS, HOW TO APPEAL AN ASSESSED VALUE, https://www.alleghenycounty.us/real-estate/assessment-appeals/annual-appeal.aspx (last visited August 2, 2023). Courts may take judicial notice of information made publicly available by government entities, including on their websites. *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017).

## B. Discrimination Based on National Origin

In his second argument, Gurvich maintains that the increased tax assessment discriminated against him unlawfully based on his national origin, as he was born in Russia. The trial court suggested that he should pursue that claim before the PHRC. However, the trial court also rejected Gurvich's discrimination claim, finding that the evidence did not support that claim. O.R., Item #11 at 4. We discern no error in that finding.[15]

The trial court posited that the only record evidence of discrimination was one reference to Gurvich as a Russian-speaking person. O.R., Item #11 at 4. Our review of the record reveals that the statement the trial court referenced was in the hearing officer's notes from the School District's assessment appeal, which stated, in full:

> SCHOOL DISTRICT SEEKING CMV[16] OF $245,000 THE SALE PRICE. THEY [sic] PRESENTED THREE SIMILAR COMPS CLOSE TO THE SUBJECT. HO[17] CALLED THE OWNER AND HE SAID THE CMV SHOULD STAY THE SAME. HE JUST GOT HIS CITIZENSHIP IN 2010. HE IS FROM RUSSIA AND DIDN'T UNDERSTAND WHAT HE SHOULD DO. HE DID SEND A LETTER, BUT NO EVIDENCE. HO RECOMMENDS THAT THE CMV BE $245,000.

O.R., Item #8 at 26.

The trial court, as the finder of fact, was free to believe all, some, or none of the evidence presented, to make all credibility determinations, and to resolve

---

[15] We note that the parties have not addressed the question of whether Gurvich has properly pleaded a discrimination claim by raising it in the context of a tax assessment appeal. For purposes of this opinion, we assume, without deciding, that the claim was properly asserted.

[16] Presumably "CMV" refers to the current market value.

[17] Presumably "HO" refers to the hearing officer.

all conflicts in the evidence. *Boro Constr., Inc. v. Ridley Sch. Dist.*, 992 A.2d 208 (Pa. Cmwlth. 2010). This Court is bound by the findings of the trial court that have adequate support in the record, so long as those findings do not reflect capricious disregard of competent and credible evidence. *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 812 A.2d 478 (Pa. 2002). Capricious disregard occurs only when the fact-finder deliberately ignores relevant, competent evidence. *Id.*

Here, the trial court found the evidence insufficient to carry Gurvich's burden of proving discrimination based on national origin. The hearing officer's note, the only record evidence cited by Gurvich, can easily be interpreted as explaining Gurvich's failure to offer evidence in the School District's tax assessment appeal rather than as suggesting discrimination by the hearing officer. In any event, it was the trial court's province to determine what inference to draw from that evidence. We cannot say that the trial court capriciously disregarded competent and credible evidence in finding the hearing officer's note insufficient to support Gurvich's discrimination claim.

## IV. Conclusion

Based on the foregoing discussion, we affirm the trial court's order.

_____
CHRISTINE FIZZANO CANNON, Judge

Judge Dumas dissents.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victor Gurvich,                                      :
          Appellant                        :
                                :
         v.                               :
                                :
Board of Property Assessment Appeals   :
and Review of Allegheny County,        :   No. 717 C.D. 2022
Pennsylvania                           :

# O R D E R

AND NOW, this 3rd day of August, 2023, the order of the Court of Common Pleas of Allegheny County dated June 30, 2022 is AFFIRMED.

 

_____
CHRISTINE FIZZANO CANNON, Judge