**Lee D. REDENBACH, Jr., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 2002.

Decided March 3, 2003.

 

Matthew E. Fischer, Butler, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

Before FRIEDMAN, J., LEADBETTER, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

Lee D. Redenbach, Jr. (Redenbach) appeals from the order of the Court of Common Pleas of Butler County (trial court) denying his appeal from the suspension of his operator's license. We affirm.

The interesting and unusual facts of this case are as follows. On May 21, 2001, the Department of Transportation, Bureau of Driver Licensing (Department) mailed to Redenbach five "Additional Notice[s]" of suspension of operating privileges. These notices imposed the following penalties: (1) a six-month suspension, effective May 3, 1990, for a violation of Section 1501(a) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1501(a) (operating without a license), occurring on October 25, 1989; (2) a six-month suspension, effective April 29, 1991, for another violation of Section 1501(a), occurring on May 17, 1990; (3) a one-year suspension, effective March 5, 1992, for a violation of Section 1543(a) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1543(a) (operating while under suspension or revocation), occurring on July 12, 1990; (4) a six-month suspension, effective March 5,

1993, for another violation of Section 1501(a), occurring on May 14, 1991; and (5) a fifteen-day suspension, effective September 7, 1999, for a violation of Section 3323(b) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 3323(b) (stop sign violation), occurring on August 3, 1999. These "Additional Notices" were mailed to Redenbach's then-current address in Prospect, Pennsylvania. Redenbach appealed the suspensions, and the matter was heard *de novo* by the trial court.

Prior to the taking of testimony, the Department's attorney explained to the trial court that the August 3, 1999 stop sign violation was issued against Redenbach's Pennsylvania operator's license number 24334043, but that the other, earlier violations were issued against Redenbach's assigned license number 23049276. The latter license number was assigned to Redenbach after he was first cited for operating without a license on April 8, 1989.[1] At the time of these violations, Redenbach did not have a Pennsylvania license, and thus not an operator's license number; hence, the Department's need to assign a number. Redenbach later testified that he did not obtain a Pennsylvania operator's license, or a license from any other state, until 1994. At that time, the Department issued to him license number 24334043.

The Department's attorney then represented to the trial court that the Department did not become aware until 2001 that the Lee D. Redenbach, Jr., who was issued Pennsylvania operator's license number 24334043, and the Lee D. Redenbach, who had been assigned the number 23049276 and who had not served the prior suspensions, were one and the same individual. It was therefore on May 21, 2001, that the

Department mailed the Additional Notices to Redenbach at his Prospect, Pennsylvania address.

Previously, the Department had sent suspension notices related to the violations occurring before 1994, and related to operator's number 23049276, to Lee D. Redenbach at 4240 Shadeland[2], Indianapolis, Indiana 46226, on March 29, 1990; April 29, 1991; March 5, 1992; and April 21, 1992, respectively. The Indiana address was the address supplied by Redenbach to the police officer who issued the citation for Redenbach's first violation of operating without a license, on April 8, 1989. It thereupon became Redenbach's address of record with the Department, and the original notices of suspension related to the violations occurring on October 25, 1989; May 17, 1990; July 12, 1990; and May 14, 1991, were therefore mailed to this address. The police citations issued for these offenses, however, listed Redenbach's address variously as Zelionople, PA; New Brighton, PA; Beaver Falls, PA; and Harmony, PA. Theses citations were issued either to Lee D. Redenbach or Lee D. Redenbach, Jr. They all list the perpetrator's date of birth, however, as March 11, 1969.

Apparently, Redenbach failed to respond to any of the 1990–92 original notices of suspension. At the hearing, the Department moved to quash as untimely Redenbach's appeal from the four Additional Notices related to, or that reissued, the 1990–92 original notices of suspension.

Redenbach, however, moved to quash the Department's "Additional Notices" of suspension on several grounds. First, Redenbach argued that all of these Additional

---

1. The Department's records indicate that no action was taken by the Department as a result of this first violation.

2. No other designation, such as Street, Avenue, Lane, or Boulevard was made.

Notices were unreasonably delayed. He argued that the Department knew of his Prospect, Pennsylvania address in 1994 when he received his Pennsylvania operator's license, and knew of it in 1998 and 1999 when it mailed to him notices of convictions for speeding and a stop sign violation, respectively.[3] Redenbach therefore argued that the Department's May 2001 notice was unreasonably tardy. Redenbach also argued that the original notices of suspension were defective on their face because they were addressed to Lee D. Redenbach, not Lee D. Redenbach, Jr. Redenbach testified that Lee D. Redenbach was his father, who resided at the Indianapolis address.

The Department's only witness at the hearing was Redenbach, who was called as on cross-examination. He testified that his date of birth was March 11, 1969, and that as of the December 11, 2001 date of hearing, he had been living in Prospect, Pennsylvania for approximately six years. He verified that he lived at 4240 Shadeland, Indianapolis, Indiana sometime in the "early nineties," although he was not certain about the "time frame." He also testified, however, that he lived in Zelienople, Pennsylvania in the "early nineties," and then appeared to indicate that he lived in Indianapolis "sometime in the eighties." Notes of Testimony, p. 36. He defined the "early nineties" as 1990, '91, and '92. Later in his testimony, he stated that he did not reside in Indianapolis on April 8, 1989, the date the first citation was issued, but that his father did. He noted that the name on the citation was Lee D. Redenbach, not Lee D. Redenbach, Jr.[4] When asked about the apparent discrepancy between his testimony that he lived in Indianapolis in the eighties and his denial that

he did not live there on April 8, 1989, he responded that his memory was "not the greatest."

When asked about the violations for driving without a license issued to Lee D. Redenbach or Lee D. Redenbach, Jr. from 1989 to 1991, he responded that he did not "recall" being stopped for these violations. He did, however, admit that the signature on the April 8, 1989 citation, that set forth the Indianapolis address, "appeared to be" his. He also admitted to living at the other Pennsylvania locations set forth on the other traffic citations at unspecified times of his life. He testified that he never received notices of license suspension from the Department until he received the May 21, 2001 Additional Notices, and that he never possessed a license from any state until he was issued a Pennsylvania license in 1994, at age 25. He stated that he did not "recall" ever driving a vehicle prior to 1994. He testified that he is currently employed with "Inside Pipe Contracting" and that he would lose his job if he did not possess a valid operator's license.

Redenbach's wife of two years, Lori Redenbach, testified that Redenbach was living in a trailer court outside of Zelionople in April 1989. She testified that the two did not begin "seeing each other" until 1990, and in April 1989, Redenbach was living with another woman.

On December 13, 2001, the trial court entered an order dismissing Redenbach's appeal of the license suspensions, specifically noting in the order that Redenbach's appeals pertaining to the violations occurring on October 25, 1989; May 17, 1990; July 12, 1990; and May 14, 1991 were untimely. In a supporting opinion, the

---

3. The 1998 and 1999 notices assigned points to his record for the two convictions.

4. The date of birth of "Lee D. Redenbach" on the April 8, 1989 citation, however, is March 11, 1969.

court articulated its finding that it was Lee D. Redenbach, Jr., not his father as Redenbach suggested, who was the individual committing the violations. The court observed that it was unlikely that Redenbach and his father shared the same birthday, and that Redenbach acknowledged that the signature on the April 8, 1989 citation was his. The court noted that the contradictory nature of some of Redenbach's testimony brought "all" of his testimony "into question." Trial Court Opinion, p. 5.

The trial court also determined that there was no inordinate delay to the Department's May 21, 2001 Additional Notices of suspension. The court observed that it was Redenbach who first supplied the Department with an address at Indianapolis. This address then became the Department's address of record for this unlicensed driver. Redenbach did not update this address after his various moves, and when he applied for a license in 1994, he never indicated that he had a prior relationship with the Department. The court thus concluded that any delay was chargeable to Redenbach because of his failure to provide the Department with updated information regarding his residences. The court also found that the Department acted in a timely manner in issuing the May 21, 2001 Additional Notices of suspension, once it discovered in 2001 that the Redenbach possessing the Pennsylvania operator's license, and the Redenbach cited for driving without a license from 1989 until 1991, were one and the same individual. This appeal followed.

■ In a driver's license suspension appeal, this Court's scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion, or whether the trial court's findings of fact are supported by substantial evidence. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992). Additionally, we must review the evidence in the light most favorable to the party that prevailed before the trial court. *Department of Transportation, Bureau of Driver Licensing v. Malizio*, 152 Pa.Cmwlth. 57, 618 A.2d 1091 (1992).

Redenbach argues that the trial court erred by determining (1) that the Department's May 21, 2001 Additional Notices of suspension were not unreasonably delayed, and (2) that the Department's original notices of suspension of March 29, 1990; April 29, 1991; March 5, 1992; and April 21, 1992 were not "defective." In making these arguments, Redenbach states as "facts" portions of his testimony that are favorable to his arguments, impermissibly ignoring the actual facts found by the trial court. For example, Redenbach states that he "never had any driving related problems before he obtained his driver's license in [sic] April 11, 1994" (Redenbach's Brief, p. 12), in complete contradiction to the trial court's finding that Redenbach was the individual identified in the traffic citations from 1989 to 1991, which finding is not challenged by Redenbach herein.

■ Redenbach first argues that the May 21, 2001 Additional Notices of suspension were unreasonably delayed and resulted in prejudice to him.[5] The suspension of licensee's operating privileges may be vacated where the Department fails to notify the licensee within a reasonable period of time that his or her license is being suspended and the licensee is prejudiced thereby. *Lancos v. Department of Transportation, Bureau of Driver Licensing,*

---

**5.** Redenbach argues that he established prejudice by testifying that he relied upon his 1994 receipt of a Pennsylvania operator's license and that he would lose his job if his license were suspended.

689 A.2d 342 (Pa.Cmwlth.1997). What constitutes an "unreasonable delay" depends on the circumstances of the particular case. *Id.*

Redenbach's entire focus on the timing of the Additional Notices ignores the trial court's finding that the *original* notices of suspension of March 29, 1990; April 29, 1991; March 5, 1992; and April 21, 1992, regarding the pre–1994 convictions, were timely mailed. The court further found that these notices were mailed to the address first provided to the Department by Redenbach, *i.e.,* the Department's address of record for this individual. Further, the court determined that the burden to make any adjustments to Redenbach's address of record was on Redenbach, not the Department. Finally, and more importantly, the trial court quashed Redenbach's appeals from the four pre–1994 suspensions as untimely. The court noted that the Additional Notices of 2001 were simply the result of the Department's discovery that the licensee Redenbach had outstanding administrative suspensions arising from the time when Redenbach operated a vehicle without a license. The court found that the delay, if any, connected to the Additional Notices was caused completely by Redenbach's failure to supply accurate or updated address information to the Department.

■ Section 1515 of the Vehicle Code, 75 Pa.C.S. § 1515, places the burden upon any person licensed in Pennsylvania to notify the Department, within 15 days, of a change in address. A licensee who fails to so notify the Department may not use the fact that the Department mailed a suspension notice to his or her old address in the Department's records as grounds for filing an untimely appeal *nunc pro tunc. Maxion v. Department of Transportation, Bureau of Driver Licensing,* 728 A.2d 442 (Pa.Cmwlth.1999).

■ Perhaps not surprisingly, the Vehicle Code does not have a similar section devoted to the change-of-address obligations of a driver who operates without a license. It would be rather incongruous, however, to afford a driver who operates without a license greater rights than a licensed individual. We therefore agree with the trial court that the burden is not upon the Department to stay current with the address changes of drivers who operate without a license. A scofflaw, who indirectly supplies the Department with an address of record as a consequence of his or her first conviction of operating without a license, may not use the excuse of a change in address to file an untimely appeal if he or she has not previously informed the Department of this change. Moreover, the Vehicle Code does not provide that the Department is required to scour its databases for a record of unserved prior suspensions for operating a vehicle without a license when a scofflaw ultimately applies for a valid license without disclosure of previous suspension notices.

■ The trial court did not err, therefore, when it determined that Redenbach received timely notices of suspension. Further, Redenbach's failure to challenge in this appeal the trial court's determination that his appeal from the timely notices of suspension sent on March 29, 1990; April 29, 1991; March 5, 1992; and April 21, 1992, was untimely, prohibits us from reviewing Redenbach's argument that he did not receive timely notice as to these four suspensions. Pa. R.A.P. 2116(a); *Allegheny County Institution District v. Department of Public Welfare,* 668 A.2d 252 (Pa.Cmwlth.1995), *petition for allowance of appeal denied,* 547 Pa. 757, 692 A.2d 567 (1997) (a party's failure to set forth an issue in his or her statement of questions presented on appeal, or to reasonably sug-

gest the issue in such statement of questions presented, constitutes waiver of the issue).

■ Redenbach's second argument is that the Department's original notices were defective because they were addressed to Lee D. Redenbach, not Lee D. Redenbach, Jr. While we do not question the necessity for the Department to send notice to the correct individual using that individual's full and proper name, Redenbach's argument is, once again, made irrelevant by his waiver of the trial court's determination that his appeals from the March 29, 1990; April 29, 1991; March 5, 1992; and April 21, 1992 notices of suspension were untimely. Further, Redenbach failed to challenge the trial court's finding that he was the individual identified in the traffic citations from 1989 to 1991, and thus waived any argument regarding such identity. We would note, however, that these original notices of suspension set forth Lee D. Redenbach's date of birth as March 11, 1969. The identity of the addressee on the notices is therefore confirmed as Lee D. Redenbach, Jr. Moreover, if Redenbach Senior or Junior had any confusion as to identity, their obligation was to contact the Department for clarification.[6]

For the above reasons, the trial court's order is affirmed.

### ORDER

AND NOW, this 3rd day of March, 2003, the order of the Court of Common Pleas of Butler County in the above-captioned matter is hereby affirmed.

---

**6.** Further, several of the citations underlying the suspensions, and the first citation of April 8, 1989, list the operator as Lee D. Redenbach, having Lee D. Redenbach, Jr.'s date of birth. The Department is not to be held responsible if Redenbach failed to give the police officer his full name.