IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edson T. Fantinelli-Bosco,         :
                  Appellant       :
                            :
        v.                 :
                            :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :   No. 1895 C.D. 2016
Bureau of Driver Licensing       :   Submitted: April 21, 2017


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                FILED: October 20, 2017


Edson T. Fantinelli-Bosco (Appellant) appeals the October 3, 2016 order of the Court of Common Pleas of Philadelphia County (trial court) denying his petition to appeal, *nunc pro tunc,* the suspension of his commercial driving privilege. Upon review, we reverse and remand.

By official notice, with a mail date of June 17, 2016, the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), notified Appellant that his commercial driving privilege was suspended for a period of six months, effective July 22, 2016, as a result of his

summary conviction for a violation of Section 1601(a)(1) of the Vehicle Code.[1]  This notice advised that Appellant had thirty days from the mail date to file an appeal of the suspension.  On August 19, 2016, Appellant filed with the trial court a petition seeking to appeal the suspension *nunc pro tunc*.  The trial court held a hearing on September 30, 2016 and denied the *nunc pro tunc* petition on October 3, 2016.  This appeal followed.[2]

## Discussion

Appellant argues the trial court erred in denying his petition to appeal *nunc pro tunc* where Appellant sufficiently demonstrated 1) a breakdown in DOT's operations which caused Appellant's delay in filing and 2) Appellant used due diligence in filing his petition to appeal upon learning the grounds relied upon for relief.

DOT responds that Appellant failed to provide competent evidence to satisfy his burden of proof that an administrative breakdown occurred.  According to DOT, Appellant was required to file his appeal within 30 days of the mail date of the notice of suspension and failed to do so.  The notice was mailed to Appellant's address of record, which Appellant acknowledged was the address on his driver's license on the date he was cited for violating Section 1606(a)(1) of the Vehicle Code.

---

[1] Section 1601(a)(1) of the Vehicle Code provides that no person may drive a commercial motor vehicle unless that person has been issued a commercial driver's license.  75 Pa.C.S. § 1606(a)(1).

[2] The decision whether to permit an appeal *nunc pro tunc* is an equitable matter and this Court's scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law.  *Department of Transportation, Bureau of Traffic Safety v. Rick*, 462 A.2d 902, 903 (Pa. Cmwlth. 1983).

An appeal from a government unit to a court must be commenced within 30 days after entry of the order from which the appeal is taken. 42 Pa.C.S. §§ 5571(b). The date of entry of the order of a government unit is the date of mailing if service is by mail. 42 Pa.C.S. § 5572. The time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *Bass v. Commonwealth,* 401 A.2d 1133, 1135 (Pa. 1979). However, a showing of fraud or breakdown in the administrative process may justify an appeal *nunc pro tunc. Stana v. Unemployment Compensation Board of Review*, 791 A.2d 1269, 1271 (Pa. Cmwlth. 2002). Negligence on the part of administrative officials may be deemed to be the equivalent of fraud. *Branch v. Workmen's Compensation Appeal Board*, 393 A.2d 55, 57 (Pa. Cmwlth. 1978).

In denying the petition to appeal *nunc pro tunc*, the trial court relied on Section 1515 of the Vehicle Code, 75 Pa.C.S. § 1515, and the decision of this Court in *Redenbach v. Department of Transportation*, *Bureau of Driver Licensing* 817 A.2d 1230 (Pa. Cmwlth. 2003). Section 1515 provides that a person must notify DOT in writing of a change of address within 15 days of same. In *Redenbach*, this Court held that a licensee who fails to notify DOT may not use the fact that DOT mailed a suspension notice to his or her old address in DOT's records as grounds for filing an untimely appeal *nunc pro tunc*.

Appellant admits that he did not comply with the requirements of Section 1515. However at the September 30, 2016 hearing, he testified as follows: Appellant notified DOT of his change of address at a DOT licensing center (licensing center) on Levick Street in Philadelphia. (Reproduced Record (R.R.) at 14a.) Appellant initially went to the licensing center to resolve a suspension of his commercial driver's license following receipt of a citation in March of 2016. *Id.* at

3

13a. After Appellant's license was returned, he indicated to the clerk that the address on his license was incorrect. *Id.* at 15a. Appellant wrote the correct address on the form provided by the clerk and handed it back to her. *Id.* Appellant updated his address at the licensing center prior to the June 2016 issuance of the suspension notice by DOT. *Id.* Once Appellant received the suspension notice from DOT, he contacted an attorney and returned to the licensing center to update his address. *Id.* at 15a-16a.

Against this backdrop, the trial court's reliance on Section 1515 and *Redenbach* is misplaced. Unlike the licensee in *Redenbach*, Appellant testified that he went to a DOT licensing center and provided written notification of his new address prior to issuance of DOT's suspension notice. Appellant trusted that this written notification would result in an update of Appellant's address in DOT's system. When Appellant discovered that his address had not been updated, he went back to the licensing center to correct the issue. Appellant also engaged an attorney to prepare his appeal. While the trial court assessed this testimony and found it vague and lacking in specifics (Trial Court opinion, December 23, 2016, at 7), it made no finding whatsoever that Appellant was not credible. In fact, the trial court specifically recognized that Appellant did, indeed, go "to the PennDOT licensing center following th[e] incident [which led to his summary conviction] to restore his license…" *Id.* at 6. What troubled the trial court was that Appellant "did not present any testimony from other witnesses or present other documentation" to support his position that he provided DOT with his change of address information when he went to the licensing center. *Id.* But as it lamented lack of corroboration of Appellant's testimony, the trial court never found that this testimony lacked credibility. Without such a finding, there is nothing to diminish the testimony that Appellant had indeed

4

advised DOT of his change of address prior to DOT's forwarding the notice of suspension at issue here.

The trial court's reliance on Section 1515 is further undermined by the fact that Section 1515, on its own, is of no moment to the present question. The trial court suggests that by failing to comply with this section's requirement, and in light of *Redenbach*, Appellant was thus foreclosed from seeking *nunc pro tunc* relief based on confusion regarding his correct address. This would perhaps be so if Appellant had not taken steps (multiple steps in fact) in appearing at the DOT center and personally providing the change of address information. The trial court, however, seems to interpret the law in a way that no matter what one does, if the change of address is not provided consistent with Section 1515 then *nunc pro tunc* relief would never be available under any circumstances. That is not what the Court in *Redenbach* said, nor what can be remotely applicable to the facts of this case. In this light, we must conclude that the failure of DOT to update Appellant's license prior to the issuance of his suspension notice was the result of just such a breakdown that requires *nunc pro tunc* relief.

DOT also argues that Appellant failed to show he proceeded with reasonable diligence once he knew of the need to take action.

This Court has stated that although time is certainly a factor, due diligence does not rest on the specific amount of time that elapses between an appellant gaining knowledge of the need to act and the pursuit of *nunc pro tunc* relief. *Croft v. Board of Property Assessment, Appeals & Review*, 134 A.3d 1129, 1136 (Pa. Cmwlth. 2016).

In *Sprague v. Casey*, 550 A.2d 184, 188 (Pa. 1988), our Supreme Court concluded that the correct inquiry in determining whether an appellant failed to act

5

with due diligence is to focus, not upon what the appellant knew, but what he might have known, by use of the means of information within his reach, with the vigilance the law requires of him. The appellant is required to discover those facts which were discoverable through the exercise of reasonable diligence. *Id.* The Supreme Court ultimately concluded that a lapse of six and one half months between constructive notice of factual circumstances and commencement of legal action did not demonstrate lack of due diligence. *Id.; see also Croft* (eleven-month delay between discovery of tax lien and filing of appeal did not demonstrate failure to exercise due diligence where administrative breakdown occurred).

Presently, 63 days passed from the mailed-on date of DOT's notice and the date Appellant filed his appeal. DOT presented no evidence to show it was prejudiced during those additional 33 days. The short period between Appellant's discovery of the Notice and the filing of his appeal *nunc pro tunc*, combined with Appellant's efforts to engage counsel to handle the matter, indicates an exercise of due diligence in filing the appeal. Appellant had taken steps throughout these proceedings which are consistent with the sort of diligence required for the requested relief.

On the present record, and given the equitable underpinnings of *nunc pro tunc* jurisprudence, *see Criss v. Wise*, 781 A.2d 1156 (Pa. 2001); *see also Bass,* the Order of the trial court dated October 3, 2016 is reversed and this matter is remanded for a hearing on the merits of Appellant's appeal.

_____
JOSEPH M. COSGROVE, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edson T. Fantinelli-Bosco,       :
              Appellant     :
                          :
          v.             :
                          :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :   No. 1895 C.D. 2016
Bureau of Driver Licensing       :

## O R D E R

AND NOW, this 20th day of October, 2017, the October 3, 2016 order of the Court of Common Pleas of Philadelphia County is reversed and this matter is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge