# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kierston Patrece Williams  :
:
        v.  :   No. 874 C.D. 2017
:   Submitted: February 9, 2018
Commonwealth of Pennsylvania,  :
Department of Transportation,  :
Bureau of Driver Licensing,  :
              Appellant  :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: April 2, 2018**

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from the order of the York County Court of Common Pleas (trial court) that sustained the statutory appeal of Kierston Patrece Williams (Licensee) pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C.S. §1547(b), commonly known as the Implied Consent Law.[1] The Department suspended Licensee's operating privilege for one year for refusing to submit to a blood test. The Department argues the trial court erred in permitting Licensee's untimely appeal. As to the merits, the Department asserts Licensee did not prove she was unable to make a knowing and conscious refusal based on her medical condition.

---

[1] Section 1547(b)(1)(i) requires any person placed under arrest for driving under the influence (DUI) "to submit to chemical testing and [if that person] refuses to do so, the testing shall not be conducted but upon notice by the police officer, the [D]epartment shall suspend the operating privilege of the person … for a period of 12 months." 75 Pa. C.S. §1547(b)(1)(i).

Upon review, we vacate and remand with directions to quash the statutory appeal as untimely.

## I. Background

In August 2016, Licensee was arrested on suspicion of driving under the influence (DUI) after she collided with a telephone pole, injuring her head. After an ambulance transported her to the hospital, police recited the DL-26B warning to Licensee while she was in a hospital bed. The warning advises that a refusal to submit to a blood test can result in a suspension of driving privileges for one year. After initially consenting, Licensee ultimately refused the test and declined to sign the DL-26B Form.

By official notice dated September 5, 2016, the Department notified Licensee that her operating privilege was suspended for one year effective October 10, 2016 (Notice). The Notice was sent to Licensee's address of record on file with the Department. Licensee did not appeal the Notice within the 30-day appeal period.

On October 19, 2016, Licensee filed a motion to appeal *nunc pro tunc* (Motion). The trial court granted the Motion without holding a hearing. Then, Licensee filed a statutory appeal of her suspension, to which she appended the Notice.

The trial court held a *de novo* hearing on the merits of the suspension. During the hearing, Officer Jacob Clevenger (Officer) testified regarding what he observed when he found Licensee at the crash site, and later at the hospital. His

2

police report was admitted without objection. Reproduced Record (R.R.) at 41a. The trial court adjourned the hearing, leaving the record open.

When the trial court reconvened the hearing, Licensee presented medical testimony from Dr. Daniel Carney, who treated her in the hospital. He described Licensee's medical condition, and the effects of her head injury. Licensee testified on her own behalf as to her recollection of her interactions with Officer. In addition, Licensee presented the testimony of her mother regarding her observations of Licensee at the hospital. Licensee stipulated that her blood alcohol content was .125% when taken at the hospital.

After the close of evidence, the trial court sustained Licensee's appeal. The Department appealed.

The trial court directed the Department to file a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). It also requested that the parties file briefs in support of their respective positions.

In its 1925(b) Statement, the Department challenged the trial court's acceptance of Licensee's untimely appeal. It also argued Licensee did not prove her refusal was knowing and conscious, despite her obvious head injury. The Department contended Licensee's medical expert could not rule out intoxication as a cause for her confusion.

The trial court issued an opinion explaining its reasons for granting Licensee's Motion, and for deciding the merits in Licensee's favor. As to the Motion, it reasoned there was an administrative breakdown because the Department did not use Licensee's current address that was contained in the criminal complaint. The trial court "found that the [p]olice [c]riminal complaint clearly stated her address in Hanover, which in turn should have prompted the Department to determine the correct address." Tr. Ct., Slip Op., 8/31/17, at 9. The trial court's rationale was based on the fact that Officer obtained her current address at the time of arrest.

On the merits, the trial court determined Licensee met her burden to show that her refusal of chemical testing was not knowing or conscious. The trial court credited the expert medical testimony that "no person with [Licensee's] [head] injury, regardless of alcohol consumption[,] should be making significant legal decisions or signing legal documents." Id. at 12.

After briefing, the matter is ready for disposition.

## II. Discussion

"Where the trial court permits an untimely appeal to be filed *nunc pro tunc*, our review is limited to determining whether the trial court abused its discretion or committed an error of law." Puckett v. Dep't of Transp., Bureau of Driver Licensing, 804 A.2d 140, 144 n.6 (Pa. Cmwlth. 2002). An abuse of discretion occurs when there is a "'manifestly unreasonable exercise of judgment, or a final result that evidences partiality, bias or ill will.'" Rutkowski v. Dep't of Transp., Bureau of Driver Licensing, 987 A .2d 841, 846 (Pa. Cmwlth. 2009) (citation omitted).

4

## A. Untimely Appeal

A licensee must file her appeal within 30 days from the date the Department mails a notice of suspension. Ercolani v. Dep't of Transp., Bureau of Driver Licensing, 922 A.2d 1034 (Pa. Cmwlth.) (en banc), appeal denied, 932 A.2d 77 (Pa. 2007); see 75 Pa. C.S. §1550; 42 Pa. C.S. §§5571(b), 5572. This statutory appeal period is mandatory, and "may not be extended as a matter of grace or mere indulgence …." Hudson v. Dep't of Transp., Bureau of Driver Licensing, 830 A.2d 594, 598 (Pa. Cmwlth. 2003).

"[B]y allowing an appeal *nunc pro tunc*, the trial court extends the time in which an appeal may be filed, thereby extending itself jurisdiction it would not otherwise have." Dep't of Transp., Bureau of Driver Licensing v. Gelormino, 636 A.2d 224, 226 (Pa. Cmwlth. 1993). Stated differently, an untimely appeal deprives the trial court of authority to address the merits. Freedman v. Dep't of Transp., Bureau of Driver Licensing, 842 A.2d 494 (Pa. Cmwlth. 2004) (en banc).

However, the trial court may entertain an untimely statutory appeal when the untimeliness results from extraordinary circumstances involving fraud or a breakdown in the administrative or judicial process. Williamson v. Dep't of Transp., Bureau of Driver Licensing, 129 A.3d 597 (Pa. Cmwlth. 2015). The licensee bears the burden of establishing such extraordinary circumstances. Id.

Here, there is no dispute Licensee filed her appeal 14 days late. The Notice specifies the date of mailing was September 5, 2016, yet Licensee filed her appeal on October 19, 2016. That is 44 days after her purported receipt of the Notice.

5

See Certified Record (C.R.), Item No. 15, Licensee's Appeal at ¶2 (stating "[o]n or about September 5, 2016, [Licensee] received a Notice from the [Department] ….").

The administrative breakdown that Licensee cited was that the Department mailed the Notice to her old address. The Department mailed the Notice to Springdale Road in York. Licensee concedes the York address "was the address of record at [the Department]." Appellee's Br. at 3. Nonetheless, Licensee contends the Department should have sent the Notice to her current address in Hanover, which was the address contained in the criminal complaint. See C.R., Item No. 18 at Ex. C.

Pursuant to Section 1540(b) of the Vehicle Code, 75 Pa. C.S. §1540(b), the Department is required to notify a licensee of a license suspension at the "address of record." Gelormino. Section 1515 of the Vehicle Code places an affirmative duty upon a licensee to notify the Department of a change in address within 15 days. 75 Pa. C.S. §1515. "A licensee who fails to so notify the Department may not use the fact that the Department mailed a suspension notice to [her] old address in the Department's records as grounds for filing an untimely appeal *nunc pro tunc*." Redenbach v. Dep't of Transp., Bureau of Driver Licensing, 817 A.2d 1230, 1235 (Pa. Cmwlth. 2003) (emphasis added) (affirming trial court).

Here, the trial court recognized that Licensee "neglected to notify the Department of her change of address in a timely manner, as required by 75 Pa. C.S. §1515." Tr. Ct., Slip. Op., at 9. Nevertheless, the trial court determined that there was an administrative breakdown when the Department did not use the Hanover address. In so doing, the trial court committed legal error.

6

The trial court reasoned that the Department should have used the Hanover address contained in the criminal complaint. Specifically, it stated, "the Criminal Complaint clearly stated her address in Hanover, which in turn <u>should have prompted the Department to determine the correct address</u>." <u>Id.</u> (emphasis added).

In effect, the trial court shifted the burden of discerning Licensee's correct address on the Department. This is inconsistent with Section 1515 of the Vehicle Code and our case law. This Court consistently holds "the statutory responsibility of notifying the Department in writing of any address change is placed unequivocally upon the licensee." <u>Maxion v. Dep't of Transp., Bureau of Driver Licensing</u>, 728 A.2d 442, 444 (Pa. Cmwlth. 1999). The trial court erred in excusing Licensee's unexplained noncompliance with her statutory duty.

Further, the trial court's reasoning presumes some communication between the Department and Officer about the accuracy of Licensee's address. As the Department notes, "there is no evidence that a copy of [Officer's] criminal complaint was ever sent to, or received by the Department." Appellant's Br. at 25. Even if the Department received the criminal complaint, there is no reason the Department should have discerned that the Hanover address on the criminal complaint was Licensee's accurate address. The Department relied on its address of record, which was consistent with the York address contained on the DL-26B Form. <u>See</u> R.R. at 116a. On this record, there is simply no basis for imputing Officer's knowledge to the Department.

Other than sending the Notice to her former address, the Motion does not identify any breakdown in the administrative process. An alleged breakdown caused by lack of communication between an arresting officer and the Department as to a licensee's current address is not a viable ground for failing to file a timely appeal. Redenbach; Maxion.

This Court previously rejected arguments similar to Licensee's here, that impose the burden of discerning a correct address on the Department. See Redenbach, 817 A.2d at 1235 (reasoning "the Vehicle Code does not provide that the Department is required to scour its databases for a record" indicating a licensee's current address); Maxion (rejecting argument that licensee satisfied his burden of notifying the Department of his new address by advising the arresting officer of his new address); Dep't of Transp., Bureau of Driver Licensing v. Lang, 610 A.2d 1076, 1077 (Pa. Cmwlth. 1991) (rejecting licensee's argument that she was entitled to *nunc pro tunc* relief because the Department had her new address "within its bureaucratic network" where she allegedly had changed her address on her vehicle registration, but failed to change her address for driver's license purposes).

We reach the same conclusion here. The Department provided proper notice when it sent the Notice to Licensee at her address of record. 75 Pa. C.S. §1540(b). In determining that there was an administrative breakdown when the Department sent the Notice to Licensee's old address, the trial court committed legal error. See Redenbach; Maxion; Lang; Korell v. Dep't of Transp., Bureau of Driver Licensing, 551 A.2d 398 (Pa. Cmwlth. 1988), appeal denied, 575 A.2d 571 (Pa. 1990).

8

Additionally, Licensee's filings contain discrepancies as to when Licensee received the Notice.[2] A petitioner seeking an untimely appeal must proceed with reasonable diligence once she knows of the necessity to take action. <u>Ercolani</u>. Licensee did not establish she acted with reasonable diligence to merit relief.

## B. Merits

Because we find that the trial court erred in allowing Licensee to file an untimely appeal, which is a jurisdictional defect, we need not address the merits. <u>Williamson</u>.

## III. Conclusion

For the foregoing reasons, we vacate the order of the trial court. The

---

[2] There is no evidence as to receipt because the trial court did not hold a hearing before deciding the Motion. That Licensee received the Notice at some point is evident because it was appended to her Motion. In the Motion, Licensee alleged that she "never received notice from [the Department] that her driver's license was being suspended for a refusal." Certified Record (C.R.), Item No. 18 (Mot. at ¶9). Yet, in her appeal, she alleged that she received the Notice "on or about September 5, 2016." Licensee's Appeal at ¶2.

To the extent she denied receiving the Notice, it is also unclear when Licensee obtained actual notice of her suspension. In the Motion, Licensee represented she "discovered that her driver's license was suspended when she appeared at [the Department] after reading the complaint and seeing that [Officer] considered her actions to be a refusal." Mot. at ¶13. Yet, in her brief Licensee claims she "only discovered that her driver's license was suspended after she was stopped from driving under suspension on 10/13/2016, and after the stop she contacted [the Department] to find out why." Appellee's Br. at 3.

This Court cannot reconcile these different explanations as to when and how Licensee received notice. These are critical facts on which Licensee bore the burden of proof to show reasonable diligence in pursuing an appeal. However, none of Licensee's versions of the facts alters our legal analysis.

9

matter is remanded to the trial court with instructions to quash the statutory appeal as untimely. <u>See</u> <u>Freedman</u>. Accordingly, the Department's suspension is reinstated.

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kierston Patrece Williams     :
    :
       v.     :    No. 874 C.D. 2017
    :
Commonwealth of Pennsylvania,     :
Department of Transportation,     :
Bureau of Driver Licensing,     :
             Appellant     :

## O R D E R

**AND NOW**, this 2nd day of April, 2018, the order of the York County Court of Common Pleas is **VACATED**, and the matter is hereby **REMANDED** with instructions to quash the statutory appeal as untimely. Accordingly, the suspension imposed by the Department of Transportation, Bureau of Driver Licensing on Kierston Patrece Williams' operating privilege is **REINSTATED**.

Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge