IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaunnon Barnes               :
                                    :
                v.               : No. 36 C.D. 2019
                                      : Submitted: August 16, 2019
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing,       :
                                    :
                    Appellant   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ROBERT SIMPSON, Judge[1]
                 HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: October 16, 2019

        The Department of Transportation, Bureau of Driver Licensing (DOT) appeals the order of the Allegheny County Court of Common Pleas (trial court) sustaining the statutory appeal of Shaunnon Barnes (Licensee) from a 12-month suspension of her operating privilege imposed by DOT pursuant to Section 1547(b)(1)(i) of the Vehicle Code[2] for failure to submit to chemical testing. Because Licensee's appeal was untimely and she failed to demonstrate circumstances

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

[2] 75 Pa. C.S. §1547(b)(1)(i). This section authorizes DOT to suspend the driving privilege of a licensee for 12 months as a consequence of her refusal to submit to chemical testing in connection with her arrest for violating Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802 (relating to driving under the influence of alcohol or controlled substance (DUI)).

justifying an appeal *nunc pro tunc*, we vacate the trial court's order and remand with directions to quash Licensee's untimely appeal.

On June 6, 2018, DOT mailed Licensee a notice informing her that her operating privilege was suspended for 12 months, effective July 11, 2018, for refusing a police officer's request to submit to a chemical test on May 25, 2018. Reproduced Record (R.R.) at 5a. DOT sent the notice to Licensee's address of record, and the notice informed Licensee that she had 30 days to file an appeal. *Id.* On July 10, 2018, two business days after the deadline to file an appeal, Licensee filed a petition to appeal *nunc pro tunc* with the trial court, challenging the suspension of her operating privilege. *Id.* at 4a. The trial court held a hearing on Licensee's petition to appeal *nunc pro tunc* on July 26, 2018. *Id.* at 13a-15a.

At the hearing, Licensee testified that the notice of suspension was mailed to her parents' home, rather than to her apartment, and that she was in Mississippi handling her uncle's estate at the time, so she "received [the notice] late." *Id.* at 14a. Licensee said that she called her attorney, and he advised her to file a late appeal. *Id.*

Licensee agreed that the notice of suspension was mailed to the address that Licensee provided to DOT. *Id.* at 15a. Licensee did not dispute that she failed to notify DOT of her address change, as required under Section 1515(a) of the Vehicle Code. 75 Pa. C.S. §1515(a). Additionally, DOT's counsel argued that under relevant appellate decisions, Licensee's absence from home when the notice of suspension was mailed is not grounds for granting an appeal *nunc pro tunc*. Notwithstanding, the trial court granted Licensee's petition to appeal *nunc pro tunc* on July 26, 2018. Following a hearing, the trial court sustained Licensee's statutory appeal on the merits on December 20, 2018. R.R. at 15a-17a, 26a-29a. DOT

2

appealed to this Court, arguing that the trial court erred and abused its discretion in allowing Licensee to appeal *nunc pro tunc*.[3, 4]  We agree.

As this Court has explained:

> Pursuant to Sections 5571(b) and 5572 of the Judicial Code, a motorist has 30 days from the mailing date of [DOT]'s notice of suspension to file an appeal with the trial court. 42 Pa. C.S. §§5571(b), 5572[5]; *Dep't of Transp., Bureau of Driver Licensing v. Matlack*, [600 A.2d 998, 999 (Pa. Cmwlth. 1991)] (appeal must be filed within 30 days of mailing date of suspension notice).  "Appeals filed beyond the 30-day appeal period are untimely and deprive the common pleas court of subject matter jurisdiction over such appeals." *Dep't of Transp., Bureau of Driver Licensing v. Maddesi*, [588 A.2d 580, 582 (Pa. Cmwlth. 1991)].

> Further, statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. *Stanton v. Dep't of Transp., Bureau of Driver Licensing*, [623 A.2d 925, 926 (Pa. Cmwlth. 1993)].  By allowing a licensee to file a late appeal, the trial court extends the time in which an appeal may be filed, thereby extending itself jurisdiction it would not otherwise have had. *Id.*

---

[3] Our scope of review where a trial court permits an untimely appeal from a DOT decision to be filed *nunc pro tunc* is limited to determining whether the trial court abused its discretion or committed an error of law. *Department of Transportation, Bureau of Driver Licensing v. Gelormino*, 636 A.2d 224, 226 (Pa. Cmwlth. 1993).

[4] By order dated August 9, 2019, we precluded Licensee from filing an appellate brief or participating in oral argument based on her failure to comply with our prior order of July 3, 2019, directing her to file a brief within 14 days.

[5] Section 5571(b) states, in relevant part, that "an appeal from a tribunal or other government unit to a court … must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa. C.S. §5571(b).  In turn, Section 5572 states, in pertinent part, that "[t]he date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for purposes of this subchapter." 42 Pa. C.S. §5572.

*Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003) (footnote omitted).

Leave to appeal *nunc pro tunc* is only granted in extraordinary circumstances when a party's failure to timely appeal is due to fraud, an administrative breakdown in operations, or non-negligent circumstances. *Id.* at 598; *Schofield v. Department of Transportation, Bureau of Driver Licensing*, 828 A.2d 510, 512 (Pa. Cmwlth.), a*ppeal denied*, 837 A.2d 1179 (Pa. 2003). The licensee bears the burden of establishing the existence of such extraordinary circumstances. *Williamson v. Department of Transportation, Bureau of Driver Licensing*, 129 A.3d 597, 600 (Pa. Cmwlth. 2015). The Pennsylvania Supreme Court has articulated a narrow application of the non-negligent circumstances exception:

> The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so. *See Cook* [*v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1132 (Pa. 1996) (granting appeal *nunc pro tunc* where claimant filed appeal four days late because he was hospitalized)]; *Perry v. Unemployment* [*Compensation Board of Review*, 459 A.2d 1342, 1343 (Pa. Cmwlth. 1983)] (fact that law clerk's car broke down while he was on route to the post office, precluding him from getting to the post office before closing time, was a non-negligent happenstance for granting appeal *nunc pro tunc*); *Tony Grande, Inc. v. Workmen's* [*Compensation Appeal Board (Rodriquez)*, 455 A.2d 299, 300 (Pa. Cmwlth. 1983)] (hospitalization of appellant's attorney for unexpected and serious cardiac problems ten days into twenty day appeal period was reason to allow appeal *nunc pro tunc*); *Walker v. Unemployment* [*Compensation Board of Review*, 461 A.2d 346, 347 (Pa. Cmwlth. 1983)] (U.S. Postal Service's

failure to forward notice of referee's decision to appellant's address, as appellant had requested, warranted appeal *nunc pro tunc*).

*Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001).

Pursuant to Section 1540(b) of the Vehicle Code, 75 Pa. C.S. §1540(b), DOT is required to notify a licensee of a license suspension at the "licensee's address of record." *Department of Transportation, Bureau of Driver Licensing v. Gelormino*, 636 A.2d 224, 226 (Pa. Cmwlth. 1993). Section 1515(a) of the Vehicle Code places an affirmative duty upon a licensee to notify DOT of a change of address within 15 days of moving. 75 Pa. C.S. §1515(a). "A licensee who fails to so notify [DOT] may not use the fact that [DOT] mailed a suspension notice to his or her old address in [DOT]'s records as grounds for filing an untimely appeal *nunc pro tunc*." *Redenbach v. Department of Transportation, Bureau of Driver Licensing*, 817 A.2d 1230, 1235 (Pa. Cmwlth. 2003).

In this case, there is no dispute that the notice was mailed to the address provided by Licensee to DOT, and it was received by Licensee even though she was no longer residing at that address. R.R. at 15a. Licensee's failure to update her address with DOT within 15 days of moving is not grounds for the granting of an appeal *nunc pro tunc*. *See Redenbach*, 817 A.2d at 1235.

Additionally, Licensee presented no evidence of fraud, administrative breakdown, or non-negligent circumstances causing the appeal to be filed late. Licensee was simply out of town when the notice arrived at her address of record. R.R. at 14a. The trial court's conclusion that these circumstances, coupled with the fact that the appeal was filed only two business days late and DOT was not prejudiced, warrant *nunc pro tunc* relief is contrary to well settled law. *See Criss*, 781 A.2d at 1160. Because the trial court lacked subject matter jurisdiction to

5

consider Licensee's untimely appeal, its order sustaining the appeal must be vacated and the matter remanded for the trial court to quash the appeal. *Hudson*, 830 A.2d at 600; *Gelormino*, 636 A.2d at 227.

Accordingly, the trial court's order is vacated and the matter is remanded to the trial court to quash Licensee's appeal as untimely.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaunnon Barnes              :
                                         :
            v.                  : 36 C.D. 2019
                                           :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing,       :
                                           :
                   Appellant   :

## O R D E R

AND NOW, this 16th day of October, 2019, the order of the Allegheny County Court of Common Pleas dated December 20, 2018, at No. SA-18-548 is VACATED and the matter is REMANDED to the trial court with instructions to QUASH the statutory appeal of Shaunnon Barnes as untimely and REINSTATE the suspension of her operating privilege.

Jurisdiction is RELINQUISHED.


_____
MICHAEL H. WOJCIK, Judge